James L. POLK and Mattie B. Polk, Plaintiffs–Appellants,

v.

DIXIE INSURANCE COMPANY, Defendant–Appellee.

No. 88–4737

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 20, 1991.

Jim Waide, Tupelo, Miss., for plaintiffs-appellants.

Suzanne Saunders, Sheila R. Fortenberry, Saunders, Abel & Fortenberry, Jackson, Miss., for defendant-appellee.

On Remand From the Supreme Court of the United States

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

GARWOOD, Circuit Judge:

This is a diversity action brought by plaintiffs-appellants James L. and Mattie B. Polk (the Polks) against defendant-appellee Dixie Insurance Company (Dixie) for fire insurance proceeds and for punitive damages for bad faith denial of their insurance claim. The district court granted Dixie's motion for summary judgment on the punitive damages claim, and the policy claim was later tried to a jury, which returned a verdict for Dixie, on which the district court rendered judgment.

The Polks then appealed to this Court. They raised three claims of error. The first was that the district court erred in refusing their motion that Dixie's counsel be required to indicate a nonracial motive for exercising two of its peremptory challenges. The record reflected that before Dixie's counsel had an opportunity to respond to this motion, the district court denied it on the basis that the government was not involved in the case. We sustained the district court's ruling in this respect on the authority of the ruling of the en banc Court in *Edmonson v. Leesville Concrete Co., Inc.*, 895 F.2d 218 (5th Cir.1990), that the doctrine of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), does not apply to civil suits between private parties. *See Polk v. Dixie Insurance Co.*, 897 F.2d 1346, 1347 (5th Cir. 1990). The Polks' second assertion of error on appeal to this Court concerned the admission of certain testimony at the jury trial phase of this case. We rejected that assertion of error also. *Id.* at 1347–48. We also rejected the Polks' third and final claim of error that related to the district court's grant of summary judgment in favor of Dixie on the punitive damages claim. *Id.* at 1350–51.

Thereafter, the United States Supreme Court reversed the decision of our en banc Court in *Edmonson* and held that *Batson* applied to civil suits between private parties. *Edmonson v. Leesville Concrete Co., Inc.*, —— U.S. ——, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991). The Supreme Court then granted the Polks' petition for writ of certiorari, and in that connection vacated the judgment of this Court and ordered that "the case is remanded to the United States Court of Appeals for the Fifth Circuit for further consideration in light of *Edmonson v. Leesville Concrete Co., Inc.* ..." *Polk v. Dixie Insurance Co.*, —— U.S. ——, 111 S.Ct. 2791, 115 L.Ed.2d 965 (1991).

We now have the case pursuant to this remand by the Supreme Court. We do not interpret the Supreme Court's decision as in any way affecting our ruling that the district court properly granted Dixie's motion for summary judgment on the punitive damages claim or our disposition of the asserted evidentiary error raised by the Polks in their appeal to this Court.

With respect to the *Batson* claim, we note that the district court, being of the view that *Batson* was wholly inapplicable since the suit before it was a civil action between private parties, made no determination whether the Polks had presented a *prima facie* case of racial discrimination by Dixie in its exercise of its peremptory chal-

lenges; nor was Dixie ever afforded an opportunity in the district court to make any showing of nonracial reasons for its peremptory challenges. In these circumstances, and having reconsidered the case in light of the Supreme Court's opinion in *Edmonson*, we order that the case be remanded to the district court with directions to determine in the first instance whether the Polks presented a *prima facie* case of racial discrimination by Dixie in the exercise of its peremptory challenges. If the district court determines that such a *prima facie* case was presented, it shall afford Dixie the opportunity to show that its complained-of challenges were made for nonracial reasons. If Dixie fails to make such a showing, the district court shall grant the Polks a new trial on their claim to the policy proceeds (but the summary judgment on the punitive damages claim shall not be disturbed). Otherwise, the district court shall deny the Polks relief.

The cause is accordingly remanded to the district court for further proceedings in accordance with this opinion and the Supreme Court's opinion in *Edmonson*.

REMANDED.